The court *reversed* the decree of the chancellor and decreed an account to be taken.

------◆------

FRANCES L. COCHRAN *vs.* DR. JAMES COUPER, Administrator
d. b. n. c. t. a. of DR. THOMAS EVANS, deceased.

If a material fact stated in the bill be neither admitted nor denied in the answer, the complainant must prove it at the trial.
What is admitted need not be proved; but what is not denied is not therefore admitted.
A private act of assembly must be pleaded and proved.

APPEAL from the decree of the chancellor in and for Newcastle county.

The bill stated that Doctor Evans by his will bequeathed to Frances L. Evans, the complainant, the interest on £400 to be paid to her annually during her life. That letters of administration d. b. n. c. t. a. were granted on the estate of Dr. Thomas Evans to the respondent, Dr. James Couper. That Mrs. Evans afterwards married with Joseph W. Cochran; that the said annuity was paid up to the year 1816; "that by an act of the general assembly of the state of Delaware, passed at Dover on the —— day of —— 182—, upon the application of the said Frances L. Cochran, and on the ground of misconduct of the said Joseph W. Cochran, the bonds of matrimony theretofore existing between the said Frances L. and Joseph W. Cochran were dissolved and declared and made null and void to all intents, as by the said act which the complainant has ready to produce at the hearing of this cause will more fully appear." The bill then set forth that the said annuity had not been paid to complain-

ant since the divorce, and prays an account and a decree for payment of the same, &c.

Doctor Couper in his answer admitted the bequest; his administration and settlement of the estate of Doctor Evans, and that there was a balance in his hands of $456 03. He admitted the marriage of complainant with Joseph W. Cochran "but deft. does not know whether the bonds of matrimony were dissolved in the manner set forth in the bill; this deft. cannot further answer than that he has heard that an act of the general assembly was passed in relation to the premises; this deft. cannot therefore answer whether or not the said complainant become entitled to demand and receive the yearly interest afsd. after the passage of the said act of assembly."

The complainant replies and defendant rejoins gratis.

On the hearing the Chancellor decreed "that the bill be dismissed because of the want of proof of a material allegation, to wit: the divorce of the said complainant."

Whereupon an appeal was prayed and granted.

*Wales,* for appellant.

Frances L. Cochran was entitled to this money as the widow of Doctor Evans. Her right to it was not put in issue by the answer of the deft. and therefore it was not necessary to be proved. The fact of the divorce was not denied. The decree must be founded on the matters contested; those facts put in issue by the deft's. denial. Equity like the law must decide according to the allegations and proofs; the matters in issue. We say that the divorce was not put in issue in this cause. The respondent, as far as he does answer admits the divorce; at least he does not deny it, and therefore does not put it in issue. 19 *Johns. R.* 496; 6 *Johns. R.* 543.

*Read, jr.* for appellee:

We were prepared to go into the merits of the case and thought ourselves safe on them. But the chancellor chose to confine the case to this point. Here was a married woman sueing; the bill shows that she was a married woman, and without establishing a divorce she had no right to sue. The bill alleges that she is divorced, but this allegation is not admitted in the answer, and the issue made up is on all points not admitted. The divorce is a private act, not in the knowledge of the deft. and it must be shown affirmatively. For want of proof of this material fact the decree went against the complainant.

Again. Is an appeal the proper remedy? Should it not have been by motion to the court to amend? The bill was dismissed for want of proper parties. The cases from *Johns. Rep.* do not apply.

*Wales,* in reply:

The bill states the marriage and the divorce; neither of them is denied. If the respondent objects to the bill for want of proper parties he ought to have demurred for that cause. We were no more bound to prove the divorce than we were bound to prove that the complainant was the widow of Doctor Evans. Unless the point be raised by the issue made up the party is not bound nor would be admitted to prove it. The replication in chancery puts in issue all the

facts stated in the answer, but the answer only puts in issue those facts stated in the bill which are denied in the answer. What the respondent does not deny he admits; and it is not true that the complainant is bound to prove all that is not expressly admitted, he is only bound to prove what is denied.

*Curia advisare vult.*

*Mr. Justice Harrington* delivered the opinion of the court

HARRINGTON, J.—"The bill in this case was filed for the arrears of an annuity, being the interest on £400, bequeathed by the will of Doct. Evans to his widow Frances L. Evans. The bill states that Mrs. Evans was subsequently married to Joseph W. Cochran, and then sets out that 'by an act of the General Assembly of the state of Delaware passed at Dover on the —— day of —— 182—, upon the application of the said Frances L. Cochran and on the ground of misconduct of the said Joseph W. Cochran, the bonds of matrimony theretofore existing between the said Frances L. and Joseph W. Cochran, were dissolved and declared and made null and void to all intents; as by the said act, which the complainant has ready to produce at the hearing of this cause, will more fully appear.'

The answer of Doct. Couper admits the marriage of Mrs. Evans with Joseph W. Cochran; and, in relation to the divorce, it states 'that the deft. does not know whether the bonds of matrimony were dissolved in the manner set forth in the bill' and that he 'cannot further answer than that he has heard that an act of the General Assembly was passed in relation to the premises,' he 'cannot therefore answer whether or not the said complainant become entitled to demand and receive the yearly interest aforesaid, after the passage of the said act of assembly.'

The question below and in the Court of Appeals was, whether this answer, with the replication and rejoinder which were general, put in issue the fact of the divorce, and rendered the proof of that fact necessary. It was contended on the part of the appellant that the divorce was not put in issue by the answer; that whatever was not denied was admitted, and that, unless an issue was made up by the express denial of a fact stated in the bill, the complainant was not bound to produce any evidence of that fact since it could form no part of the matters in controversy on which the decree was to be rendered.

The rule in equity is, that what a deft. *admits* by his answer, the plff. need not prove; *Coop. Eq.* 445; but the question in this case is whether the extension of this rule is also true, that what the deft. *does not deny*, he admits. An answer usually begins by a reservation to the deft. of all advantage which may be taken of exception to the bill, a form which Maddock says, was probably intended to prevent a conclusion that the deft. having submitted to answer the bill, admitted every thing which by his answer he did not expressly controvert. 2 *Mad. Chy.* 333. If this be the principle of the reservation it is inconsistent with the rule contended for in this case.

The practice of excepting to answers for insufficiency also controverts the position assumed by appellant's counsel. If the operation

of an insufficient answer be to dispense with the proof of the fact as serted, why should the plff. except to it? He has all by that insufficiency that he could hope for by a full answer admitting the fact. The complainant is authorized in equity to make the deft. a witness to a certain extent against himself. He may call on him to answer as to certain facts which he alledges to be true. If the deft. evades an answer, the plff. may either except and make him answer directly, or he may go to issue relying on other evidence to prove the fact. If a party has a right to relief he has a right to an answer from the deft. to every allegation in his bill the *admission of the truth* of which is necessary to entitle him to that relief. The plff. may require this discovery either because he cannot *prove* the facts, or in aid of proof, or to avoid expense, &c. 2 *Mad. Chy.* 337; 6 *Vezey* 37-8; 2 *Atk.* 241. If therefore the answer neither admits nor denies, and the plff. replies and goes to issue without excepting to it, he dispenses with the benefit of a better answer and relies on his proof. For after replication he cannot except to the answer. *Coop. Eq.* 328.

The cases cited from 6th and 19th Johnson's Reports are entirely consistent with this view. The principle of those cases is that the court will not hear evidence of matters not set out in the bill or alledged in the answer by way of defence. The court cannot afford relief not sought for by the bill; nor allow a defence to be set up by the evidence which is not stated in the answer, nor raised by the plea. The case must be tried on the allegations and proofs; the decree is upon the issues made up; but the replication cannot put in issue a matter of defence not relied on in the answer, neither can the answer raise an issue on matter not contained in the bill. These cases are therefore undoubtedly right, but they do not touch the question in the cause whether matters alledged in the bill and neither admitted nor denied in the answer are put in issue and to be proved by the party affirming them.

The answer of Doct. Couper in this case by no means implies an admission of the fact of divorce, and it is as full as he could have been required to make. Even if excepted to, it must have been deemed sufficient. He says that he does not know whether the bonds of matrimony were dissolved as set forth in the bill, and insists that he cannot answer further than that he has heard that an act of assembly was passed in relation to the premises. He was not bound to know the contents and effect of that act. It was a private act and in the knowledge of the complainant. The answer was all that an administrator could be supposed to know; and, as he swears it was all he did know, he could not make a further answer. He was not bound positively to deny a fact which might for ought he knew be true, nor could he admit it consistently with his duty, as its truth was not within his knowledge. The deft. by his replication takes the answer as it is. To the extent of its admissions it proves his case; any thing beyond this it was obligatory on him to make out by evidence. This answer certainly does not admit the divorce; and the complainant, having given no evidence of it below, failed in an important part of his case. It is not denied that the establishing of this fact was essential to the complainant's suit. The

bill showed her to be a married woman; and unless the divorce was made out, she was not entitled to maintain her action.

We are therefore of opinion that the decree of the Chancellor dismissing the bill was right; and we *affirm* that decree with costs.' "

Decree affirmed.

*Wales*, for appellant.

*Read, jr.*, for appellee.